UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NORIEL K. SNIDER, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) No. 4:09CV1171 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Movant's Motion for Equitable Tolling, [Doc. No. 2]. For the reasons set forth below, the Motion is granted.

On February 10, 2009, the Court entered its Order denying Movant's *pro se* Motion for Appointment of Counsel because Movant had nothing pending before the Court. In that same Order, the Court ordered that in the event Movant filed a Motion pursuant to 28 U.S.C. § 2255, he should file this Motion.

In very limited circumstances, the one year statute of limitations period found in the Antiterrorism and Effective Death Penalty Act (AEDA) can be tolled. "Although the Supreme Court has not squarely addressed the question, this circuit (and almost all others) have held that equitable tolling may be applied to AEDPA's statute of limitations." *Riddle v. Kemna,* 523 F.3d 850, 851 (8th Cir.2008). "While the rule of equitable tolling applies to the one-year filing deadline for § 2255 motions, the doctrine is only appropriate in instances where extraordinary circumstances beyond a petitioner's control prevent timely filing." *E.J.R.E. v.*

*United States,* 453 F.3d 1094, 1098 (8th Cir.2006)(internal quotations omitted). Thus, equitable tolling is "an exceedingly narrow window of relief." *Jihad v. Hvass,* 267 F.3d at 803, 805 (8th Cir.2001). The Eighth Circuit has recognized that the doctrine of equitable tolling is available to a § 2255 movant, but it is available only where "an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary." *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir.2005) (quoting *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir.2003)). In that regard, ineffective assistance of counsel that is due simply to an attorney's negligence or mistake does not generally constitute an "extraordinary circumstance" that would justify equitable tolling. *Id*. at 1093. Furthermore, such extraordinary circumstances must not be attributable to the petitioner, *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir.2005), and must be "beyond a prisoner's control," *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir.2000); *Byers v. U.S.,* 561 F.3d 832, 835-837 (8th Cir. 2009).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris,* 436 F.3d 1026, 1032 (8th Cir.2006) (citations omitted). In the present case, Movant has established both of these necessary elements. The record establishes that Movant diligently pursued his rights and that the extraordinary circumstance of counsel failing to act on his behalf caused the lack of filing of the Motion within the

limitation period. As a result, this Court will apply the doctrine of equitable tolling to allow Movant to file an untimely § 2255 Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion for Equitable Tolling, [Doc. No. 2], is granted.

**IT IS FURTHER ORDERED** that a Case Management Order shall be entered in this matter.

Dated this 28th day of July, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE